UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW J. MARCUS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE DISTRICT OF COLUMBIA, ) <br> *et al.* ) <br> ) <br> Defendant. ) <br> _____) | **Civ. Action No. 08cv1900 (RJL)** |

MEMORANDUM OPINION
(August __, 2009) [Dkt. 22, 23, and 26]

The plaintiff, Andrew Marcus, brought this action against the District of Columbia and various individuals alleging violations of his constitutional rights and the commission of a number of common law torts. Three of the defendants, current or former MPD officers Curtis Braxton, John Reasonover, and Diane Jackson, moved to dismiss each of plaintiff's claims against them. For the reasons discussed below, these motions to dismiss are GRANTED.

BACKGROUND

Marcus's complaint arises from events that took place on November 7, 2007, at Metropolitan Police Department ("MPD") headquarters. (Compl. ¶ 16.) On that afternoon, Marcus went to 301 C Street, N.W., in Washington, D.C., in the mistaken belief that he was going to the Department of Motor Vehicles ("DMV"). (*Id.* ¶ 15-17.)

When Marcus arrived, he approached the security table and told two privately employed security guards, who are also defendants in this suit, that he was looking for the DMV. (*Id.* ¶ 16-17.) One of the two security guards ("the Guard") informed Marcus that he was in fact at MPD headquarters, and not the DMV, at which point Marcus said "that moron at the DMV sent me here." (*Id.* ¶ 17.)

Marcus and the Guard continued their exchange for a short while before Marcus asked to speak with the Guard's supervisor. (*Id.* ¶ 18-20.) According to Marcus, the Guard became rather angry at this request, refused to divulge the name of his supervisor, shoved Marcus's briefcase and coat back into Marcus's arms, and told Marcus to leave. (*Id.* ¶ 21-22.) When Marcus didn't comply, the Guard allegedly restrained him by force after spinning him around and pushing him once again. (*Id.* ¶ 23-24.)

At that point, defendants Reasonover and Jackson came along with one of the other defendants in this case.[1] (*Id.* ¶ 24.) Seeing the confrontation in progress, they placed Marcus in handcuffs. (*Id.*) Thereafter, Marcus was brought to a room inside MPD headquarters, where he was detained for a short while in the custody of an MPD detective–allegedly named Braxton–before being taken to George Washington University Hospital to be treated for minor injuries. (*Id.* ¶ 27 -36.) From there, Marcus was taken to a few lockup facilities around the District of Columbia, ultimately ending up at the facility in the District of Columbia Superior Court. (*Id.* ¶ 37 -38.) In all, Marcus claims

---

[1] This defendant has not, as of yet, filed a motion to dismiss the plaintiff's against him.

he was held for roughly 28 hours. (*Id.* ¶ 40.)

On November 3, 2008, plaintiff filed this suit. On December 5, 2008, defendants Braxton and Reasonover moved to dismiss all of plaintiff's claims against them; defendant Jackson did the same on December 19, 2008. For the following reasons, the Court GRANTS defendants Braxton, Reasonover, and Jackson's motions.

## ANALYSIS

Defendants Braxton, Reasonover, and Jackson have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's claims against them. Dismissal is warranted under Rule 12(b)(6) if it appears that, under any reasonable reading of the complaint, there are no set of facts which could be proved to justify the relief sought. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1977). Recently, the Supreme Court has held that Rule 12(b)(6) requires dismissal if the complaint does not set forth "plausible" claims. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a plaintiff must allege facts "above the speculative level," *Twombly*, 550 U.S. at 555, such that the facts, if taken as true, are "suggestive of illegal conduct." *Id.* at 564 n.8. Marcus has failed to do so here. How so?

First, with respect to defendant Braxton, it has become clear in the course of the parties' pleadings that he could not have been the officer identified in Marcus's complaint as "Braxton." This is so because defendant Braxton retired from the MPD on June 9, 2007, and the incidents alleged in Marcus's complaint did not occur until November 7, 2007. (Braxton Mot. at 3.) Indeed, Marcus does not even dispute the mistaken identity of defendant Braxton.[2] (Pl. Opp'n to Braxton Mot. at 2.) Clearly, under prevailing pleading standards, all claims against defendant Braxton must be dismissed because there is *no* possibility that Braxton acted unlawfully towards Marcus. *See Conley*, 355 U.S. at 45-46.

Next, as to defendants Reasonover and Jackson, Marcus alleges six common law tort claims and one count of deprivation of his civil rights in violation of 42 U.S.C. § 1983. The Court, of course, has discretionary jurisdiction over Marcus's pendent common law tort claims (Counts I through VI) because these claims arise from the same set of alleged facts as the federal § 1983 claim (Count VII). 28 U.S.C. § 1367(a) (2008).

As to Counts III, IV, and VI, these counts can be summarily dismissed because they plainly lack any facts which might be "suggestive" of unlawful conduct by Reasonover and Jackson. *See Twombly*, 550 U.S. at 564 n.8. According to Marcus, Reasonover and Jackson did not arrive on the scene until his physical confrontation with the Guard was already under way. (Compl. ¶ 24.) Once on the scene, the *only* action allegedly taken by Reasonover and Jackson was to place Marcus in handcuffs. (*Id.*)

---

[2] The Court declines to consider the requests for relief included in plaintiff's opposition to Braxton's motion to dismiss because they are not raised in an appropriate fashion.

Therefore, Count III, for malicious prosecution, fails because it does not allege any facts to suggest Reasonover and Jackson acted with malice.[3] Similarly, Count IV, for abuse of process, fails because it does not allege any facts to suggest Reasonover and Jackson misused the judicial process.[4] Finally, Count VI, which alleges negligent hiring, training, supervising, and/or retaining, fails because Marcus does not allege any facts suggesting that Reasonover and Jackson were ever responsible for any of these functions. To say the least, they cannot be held liable for breaching duties they did not have.

Next, with respect to Counts I, II, V, and VII, these counts must also be dismissed because, even assuming Marcus's allegations to be true, the Court finds that Reasonover and Jackson still had probable cause to arrest the plaintiff. How so? Probable cause exists when "facts and circumstances *within the officer's knowledge* . . . are sufficient to warrant a prudent person in believing that the suspect has committed, is committing, or is about to commit an offense," *United States v. Wesley*, 293 F.3d 541, 545 (D.C. Cir. 2002) (citations omitted) (emphasis added). Here, Marcus alleges that Reasonover and Jackson arrived on the scene only *after* he was embroiled in a physical altercation with the security guard tasked with safeguarding the entrance to MPD headquarters. Whether Marcus, or

---

[3] *See Tyler v. Central Charge Serv., Inc.*, 444 A.2d 965, 968 (D.C. 1982) (noting that malice is an essential element of malicious prosecution).

[4] *See Scott v. District of Columbia*, 101 F.3d 748, 755 (D.C. Cir. 1996) ( "The essence of the tort of abuse of process is the use of the legal system 'to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do.'") (quoting *Bown v. Hamilton*, 601 A.2d 1074, 1079 (D.C. 1992)).

the Guard, initiated the altercation is irrelevant here because Reasonover and Jackson did not show up until after the altercation was already under way. Upon seeing the confrontation unfold in police headquarters, they had every reason to believe Marcus was, at the very least, committing disorderly conduct.[5]

Given that probable cause existed for Marcus's arrest, and given that Marcus has not alleged that Reasonover and Jackson used excessive force when they handcuffed him, Count I, which alleges assault and battery, must be dismissed. *See District of Columbia v. Chinn*, 839 A.2d 701, 705 (D.C. 2003). Likewise, with respect to the false arrest claims alleged in Counts II and VII,[6] these too must fail in turn because such claims, whether common law or constitutional, cannot proceed against police officers when the officers acted with probable cause. *See Pierson v. Ray*, 386 U.S. 547, 555-557 (1967).

Finally, Count V, which alleges intentional infliction of emotional distress, must also fail because Marcus's claim that Reasonover and Jackson were acting in a manner "extreme" or "outrageous" when they arrested him is neither factually, nor legally, supported by the record. Indeed, it is contradicted by this Court's conclusion that these

---

[5] Disorderly conduct is defined by D.C. Code § 22-1321 (2001), which has been interpreted to proscribe conduct that "occur[s] under circumstances such that a breach of peace may be occasioned thereby." *Shepherd v. District of Columbia*, 929 A.2d 417, 418 (D.C. 2007) (quoting *Chemalali v. District of Columbia*, 655 A.2d 1226, 1228 (D.C. 1995)).

[6] Plaintiff's remaining claims under Count VII do not merit discussion because they are not colorable. For the reasons discussed in this opinion, Marcus cannot make out common law claims for assault and battery, malicious prosecution, abuse of process, or intentional infliction of emotional distress; accordingly, he has no basis to frame the same allegations as constitutional tort claims.

two officers had probable cause to arrest Marcus.

## CONCLUSION

Thus, for all of the reasons stated above, the Court GRANTS the motions to dismiss of defendants Braxton [Dkt. # 23], Reasonover [Dkt. # 22], and Jackson [Dkt. # 26]. An appropriate order will issue with this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge